IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTIAN HAMPTON, PLAINTIFF
ADC #162105

V. 3:21CV00077-DPM-JTK

JOE PAGE, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

Christian Hampton ("Plaintiff") is incarcerated at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued multiple Defendants alleging violations of his constitutional rights. (Doc. No. 2). Plaintiff's claims against Defendants Page, Williams, Baker, and Moss have been dismissed. (Doc. Nos. 35, 36). Only Plaintiff's excessive force claim against Defendant Cochran remains pending.

Defendant Cochran now has filed a Motion for Summary Judgment on the merits of Plaintiff's claim, Brief in Support, and Statement of Facts. (Doc. Nos. 45-47, 50). Plaintiff has

responded. (Doc. Nos. 53, 54). For the reasons set out below, the Court recommends Defendant Cochran's Motion be granted, and Plaintiff's claims dismissed with prejudice.

## II. Plaintiff's Complaint

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 2 at 1-2). According to Plaintiff, on December 25, 2020 Nathan Williams told Plaintiff to catch the racks. (Id. at 2). When Plaintiff asked why, Williams began using racial slurs; Plaintiff had gone into his cell, but exited his cell again because of Williams's continued use of racial slurs. (Id. at 2-3). Defendant Cochran and Williams then told Plaintiff to catch the cuff. (Id. at 3). Plaintiff asked why, to which both Defendant Cochran and Williams responded "n***a do as you told." (Id.). Defendant Cochran and Williams then called for backup. (Id.). Plaintiff felt like his life was in danger, because Defendant Cochran and Williams have a history of physically abusing Plaintiff. (Doc. No. 2 at 3).

Plaintiff claims the officers then started to punch Plaintiff in the head and use pepper spray against him. (Id.). Plaintiff specifically alleges that Defendant Cochran pushed him and punched him several times in the face. (Id. at 3, 10, 15). Plaintiff says he "responded back in self defense because he felt his life was in danger." (Id.). Plaintiff was eventually taken to the floor. Plaintiff complained about his back, that the handcuffs were on too tight, and about a mark under his eye and bumps on his face and head. (Id. at 3-4). Plaintiff seeks damages and injunctive relief. (Id. at 6).

## III. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir.

1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### IV.   Discussion

Plaintiff sued Defendant Cochran in his official and personal capacities alleging excessive force.

####   A.   Official Capacity Claims

As mentioned above, Plaintiff seeks damages. Plaintiff's § 1983 damages claim against Defendant Cochran in his official capacity is the equivalent of claims against the State of Arkansas

and is barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, summary judgment in Defendant Cochran's favor on Plaintiff's official capacity damages claim is appropriate.

### B. Personal Capacity Claims

Plaintiff alleges Defendant Cochran used excessive force against him. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017). The core judicial inquiry in an excessive force claim is whether the force was used in a "good faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm." Flemons v. Devane, 779 Fed. Appx. 423, 425 (8th Cir. 2019) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 36-39 (2010)). In making this inquiry, courts consider: "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted . . . ." Jackson, 866 F.3d at 974. Pain inflicted during a prison security measure is not cruel and unusual punishment only because in hindsight the degree of force used for security purposes was unreasonable. Ward v. Smith, 844 F.3d 717, 721 (8th Cir. 2016) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Rather, guards will liable only "if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.'" Id. (internal citation omitted). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in the light of the particular circumstances." Story v. Norwood, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

In support of their Motion, Defendants submitted multiple video files, one of which shows the incident as it occurred. (Doc. No. 50). The video from 3 Barracks shows the following.

4

Plaintiff, on the ground floor, takes a magazine from another inmate. (Id. at 9:51:01). Plaintiff then goes up a set of stairs that is on the right. Two officers enter, and also go up the stairs. Plaintiff goes into a cell and comes back out without the magazine. By this time, the officers are at the top of the stairs. Plaintiff and the officers proceed down the same set of stairs. Once downstairs, the officers appear to speak with Plaintiff; Plaintiff turns his back to the officers and crosses his arms in front of him. (Id. at 9:52:11). The officers then take Plaintiff's arms and bring his arms behind him in what appears to be an attempt to handcuff Plaintiff. (Id. at 9:52:19). Plaintiff swings his arms to the side and front of his body, swinging the officers along, too. This continues for around five seconds. (Id. at 9:52:20-26). Additional officers then approach to help. (Id. at 9:52:27).

At this point, there are four officers trying to stop Plaintiff. (Doc. No. 50 at 9:52:27-35). Plaintiff continues resisting. (Id.) The officers bring Plaintiff to his knees, but Plaintiff tries to crawl away. (Id.) Plaintiff struggles, with the four officers trying to restrain him. (Id. at 9:52:36-52). Then Plaintiff manages to stand. (Id. at 9:52:53). He grabs the guard who is facing Plaintiff around the waist, and pushes forward while holding the guard. (Id. at 9:52:53-54). Once there is space between Plaintiff and the guard, Plaintiff begins to punch the guard. (Doc. No. 50 at 9:52:54-57). The guard punches back. (Id. at 9:52:57-58). Other guards move forward to help; Plaintiff fights against those guards, too. (Id. at 9:52:58-9:53:05). The guards grab Plaintiff in an effort to take Plaintiff to the ground. (Id. at 9:53:05-16). All the while, Plaintiff struggles against the guards. (Id.) Eventually Plaintiff is handcuffed and brought to his feet. (Id. at 9:53:16-9:54:51).

For the majority of the incident, the officers' actions consisted of trying to grab and restrain Plaintiff—which it took four men to do. There were few punches delivered to Plaintiff, and that was only when Plaintiff began striking the officer in front of him.

The remaining video clips show Plaintiff being escorted, and do not depict any force used against Plaintiff.

Plaintiff disputes only few of Defendant Cochran's material facts. (Doc. No. 53). Plaintiff disputes that he went to another inmate's cell on the first floor. (Doc. No. 46 at ¶ 4; Doc. No. 53 at ¶ 4). This dispute is not material.

Plaintiff also disputes that he turned around at the bottom of the stairs and stood with his arms crossed over his chest, that officers call for assistance, that officers attempted to grab his arms, and that he pulled away leading the officers until one of them falls. (Doc. No. 46 at ¶¶ 7-9; Doc. No. 53 at ¶¶ 7-9). The video of the incident, however, shows otherwise. (Doc. No. 50). Plaintiff testified at his deposition that he was throwing punches because he had been punched. (Doc. No. 45-7 at 25:2-17). Again, the video tells a different story. (Doc. No. 50).

Plaintiff further disputes that he hit Defendant Cochran in the face, but Plaintiff states that he (Plaintiff) was the aggressor. (Doc. No. 46 at ¶ 11; Doc. No. 53 at ¶ 11). Defendant Cochran acknowledges striking Plaintiff after Plaintiff struck Defendant Cochran. (Doc. No. 45-2 at 33: Doc. No. 45-8 at ¶¶ 14-15).

While Plaintiff does not contest any additional facts (Doc. No. 53), in his Brief in Support he asserts that there are material facts in dispute (Doc. No. 54). The Court is not persuaded by Plaintiff's argument.

The incident reports submitted by Defendant Cochran in support of his motion are consistent with what the video of Barracks 3 reflects. (Doc. No. 45-2 at 2, 8, 10, 12, 14, 16, 18,

20).  The reports provide that Plaintiff struck Defendant Cochran and Sergeant Williams, and Sergeant Williams sprayed Plaintiff in the face with MK-3, with no effect.  (Id. at 2, 8, 10, 12, 14, and 16).

Plaintiff was taken to medical after the incident.  (Doc. No. 45-3).  Plaintiff complained that his right pinky hurt, though he does not have a right pinky.  (Id.).  Plaintiff's face was red, and he complained of difficulty seeing.  (Id.).  Plaintiff was given instructions for decontaminating after the MK-3 spray, and he was told to contact medical if he was still having vision problems after 24 hours.  (Id.).  Plaintiff otherwise refused to see medical.  (Id.).  The medical reports are consistent with the type of injury that could be expected from the incident depicted in the video and in the incident reports.

Under these circumstances, the Court finds that Defendant Cochran used force to restore order and security.  This was not an instance of Plaintiff's passive resistance or day-to-day policing of a prison though means of violence.  See Hickey v. Reeder, 12 F.3d 754, 758-59 (8th Cir. 1993).  Here, Plaintiff resisted the efforts of guards to restrain him, broke free, and began punching an officer.  The medical records reflect that Plaintiff's injury was not serious.  Considering the facts particular to this case, the Court cannot find that Defendant Cochran acted maliciously and sadistically to cause harm.  Even if a violation occurred, the Court is not aware of any clearly established law pursuant to which Defendant Cochran should have known his actions under these circumstances were unlawful, and Defendant Cochran is entitled to qualified immunity.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Cochran's Motion for Summary Judgment (Doc. No. 45) be GRANTED;

2. Plaintiff's claims against Defendant Cochran be DISMISSED with prejudice.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

IT IS SO RECOMMENDED this 13th day of May, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE